STEVEN GARCIA v. THE STATE.

No. 19991.    Delivered December 14, 1938.

The opinion states the case.

*Frank W. Martin* and *W. E. Fowler,* both of Goliad, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for rape, punishment assessed being death.

We pretermit any statement of the facts. The first question presented in the record is a complaint regarding the special venire from which appellant was required to select a jury. Our State's Attorney confesses error in regard to the procedure followed. We are in accord with such confession.

The offense with which appellant was charged was committed on the 16th day of February, 1938. The indictment against him was returned into court the 22d day of February. His case was set to be tried on the 28th day of February. The exact date upon which the order setting the case for trial was made does not appear from the record, but it could not have been earlier than February 22d because there was no case against appellant until the return of the indictment on the date last mentioned. There was pending in the trial court cause No. 2470, State of Texas v. Valentine Guerrera, which had previously been set down for trial on the 28th day of February, and a special venire of forty jurors had been drawn in said cause, and venire facias issued on February 15th directing the sheriff to summons them as prospective jurors in Guerrera's case. The return of the sheriff shows that all of said veniremen who were summoned had been served before the indictment against appellant had been returned, and this by authority of a venire facias issued before any offense by him had been committed. After the indictment against appellant was returned into court the trial judge ordered that the venire which had already been

drawn and summoned in the Guerrera case be also assigned as the venire in appellant's case, and directed that a copy of said venire list and the return of the officer thereon be served upon appellant, which was done three days before the 28th day of February. Appellant requested that he be furnished a venire drawn in his case, and moved the court to quash the venire served upon him, the request and motion being based upon the ground that the venire mentioned was not such as contemplated by the law. The trial court declined the request and overruled the motion on the ground that Article 590, C. C. P., as amended in 1937 (Acts 45th Leg., p. 1494, Chap. 505) provided that only one venire shall be drawn for all capital cases set for the same day.

Article 588, C. C. P., provides: *"At any time after his arrest upon an indictment,* the defendant may obtain an order for a special venire upon a written motion supported by the affidavit of himself or counsel, stating that he expects to be ready for the trial of his case at the present term of the court. The State's attorney may also obtain such order upon oral or written motion."

Article 590, C. C. P., as amended in 1937 (Acts 45th Leg., p. 1494, Chap. 505) reads as follows:

"A capital case may by agreement of the parties be set for any particular day of the term with the permission of the court; or the court may at its discretion set a day for the trial or disposition of the same; and the day agreed upon by the parties, or fixed by the court, may be changed, and some other day fixed, should the court at any time deem it advisable.

"Provided that the court may at its discretion set any number of capital cases for the same day of the term, and only one venire shall be drawn for all capital cases set for the same day of the term.

"Each defendant shall be furnished a list of the venire for the day for which his case is set for trial, as already made and provided by law, and if either case set for trial shall go to trial, then it shall be in the discretion of the court whether the remaining veniremen shall be excused, or ordered back for service in the trial of the remaining case or cases to be tried that were set for trial on that day."

The first paragraph of Article 590 was re-enacted in the words of the former statute, paragraphs two and three being the new provisions of said article.

It was the commendable purpose of the Legislature to relieve the trial court of the necessity of drawing a separate venire in each capital case on the docket which had been set for trial on the same date, it being well known that if one case went to trial the venires in other cases set down for trial on that same day could not be then used. Article 590, C. C. P., must be construed in connection with Article 588, C. C. P., on the same subject. Said article last referred to says that a defendant may obtain an order for a special venire "at any time *after* his arrest upon an indictment," and likewise, that the State's attorney may obtain such order. The application of appellant for a special venire was in literal compliance with said article, the court being advised upon oath of his counsel that he expected to be ready for trial at the "present" term of court. The court obtained no jurisdiction of the person of appellant nor of his case until after the indictment against appellant had been returned into court, and he had been arrested thereunder. Surely, neither appellant nor State's attorney could have demanded a special venire under the very terms of Article 588, C. C. P., until after appellant had been arrested upon an indictment, and by the same token, neither did the court of his own motion have authority to order a special venire for appellant's trial until a case against him had been filed in said court. If appellant's case had been upon the docket and he under arrest therein, and the court had set his case along with others for trial upon the same day, then we think a situation as contemplated by amended Article 590 would have prevailed, and the court could have ordered one venire,—in other words, the same venire for each of the cases which had so been set down for trial to be used in whichever case went to trial. We think it never to have been in contemplation of the Legislature that a venire could over objection be thrust upon a defendant which had been drawn before any case against such defendant was ever pending in said court, and in the present instance even before the crime had been committed. We think the trial court fell into error in giving amended Article 590, C. C. P., too broad an application.

Appellant brings forward a number of complaints reflected by bills of exception, all of which have been examined. Under the record before us none of them appears to present serious question save the one already discussed, and the one shown by bill of exception number four, which presents the following incident. The victim of appellant's assault was a little girl seven years old, the daughter of appellant's wife; at least she and appellant were living together in that relation. The little girl

testified that when appellant attacked her he caught her by the throat. The doctor who examined the little girl testified over objection that she "complained to her mother who translated to me in English, that she was hurting in her throat and chest." The mother was not called by the State as a witness,—presumably because she was appellant's wife. The objection was quite general. Over a proper objection, permitting the doctor to testify as to what the mother told him the child had said would raise a serious question and should be avoided on another trial. Finding it necessary to reverse the judgment on the other point discussed, we do not give further consideration to the point last mentioned.

The judgment is reversed and the cause remanded.